JOHN W. GRANT, PLAINTIFF-RESPONDENT, v. BOARD OF EDUCATION OF THE CITY OF BAYONNE, DEFENDANT-APPELLANT.

Submitted October 15, 1926—Decided March 23, 1927.

**Contracts—Labor Performed—Defendant Alleges Unworkmanlike Service and Unreasonable Charges—Judgment for Plaintiff Affirmed.**

On appeal from the First District Court of Jersey City.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Charles Rubenstein.*

For the respondent, *Aaron A. Melniker.*

PER CURIAM.

The plaintiff below did some grading work in a school playground of the board of education. In an action instituted in

the First District Court of Jersey City, judgment was rendered in his favor for $261.64, and the board of education appeals.

From the state of the case certified the following facts appear: In August, 1925, the plaintiff, a contractor, submitted to the chairman of the committee on buildings and repairs of the board of education an estimate for grading the playground at $7 per day for a laborer, and $19 per day for a truck and laborer; that several other contractors bid on the work, but plaintiff's bid was the lowest, and he was instructed by the chairman to proceed with the work; that the work was of an emergency character, in that it required the filling up of two cellar excavations immediately adjoining the school building (the board having purchased the adjoining lands and removed the buildings therefrom) before the school term opened. It further appeared that the plaintiff and other contractors had been accustomed to taking jobs for the board through the chairman of the committee, and that the board had always paid for them when under $500 without questioning; also, that it was customary for the chairman of the committee to receive estimates and give the job to the lowest bidder, upon which the bidder on completion of the work would present his bill and be paid.

There was proof of the work being done and the bills for the same presented to the board. They, however, were refused payment and the present action resulted.

Motions for nonsuit and for judgment in favor of the defendant, based on the ground that the work was not properly authorized and that the charges were unreasonable, were made and denied. These ruling of the court are the basis of the present appeal.

The case we think falls squarely within the ruling of the Court of Errors and Appeals in the case of *Frank* v. *Board of Education of Jersey City,* 90 *N. J. L.* 273, and upon the authority of that case the judgment will be affirmed.